FILED07 JUN'11 16:06USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JUAN CARLOS SOLIS,

            Civil No. 10-925-PA

  Petitioner,

 v.

JEAN HILL,

            OPINION AND ORDER

  Respondent.

  Juan Carlos Solis, #13496424
  Snake River Correctional Institution
  777 Stanton Blvd.
  Ontario, OR 97914

    Petitioner, *Pro Se*

  John R. Kroger, Attorney General
  Kristen E. Boyd, Assistant Attorney General
  Department of Justice
  1162 Court Street NE
  Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state convictions for Murder and Robbery. For the reasons that follow, the Petition for Writ of Habeas Corpus [2] is dismissed on the basis that it is untimely.

## BACKGROUND

On August 25, 2004, petitioner was indicted on 41 felony counts in the Umatilla County Circuit Court. Petitioner entered into a plea deal where he pled guilty to one count of Felony Murder and four counts of Robbery in the First Degree, and the State agreed to drop the remaining charges and agreed not to pursue other criminal cases against him. Respondent's Exhibit 103. As a result, the trial court sentenced petitioner to life with a 25-year minimum sentence for Felony Murder, and concurrent 90-month sentences for each charge of Robbery in the First Degree. Respondent's Exhibit 101.

Petitioner did not take a direct appeal, but filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 137. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Solis v. Nooth*, 232 Or. App. 440, 220 P.3d 1140 (2009), *rev. denied* 347 Or. 608, 226 P.3d 43 (2010).

2 - OPINION AND ORDER

Petitioner filed his Petition for Writ of Habeas Corpus on August 6, 2010, and he concedes that the Petition was not filed within the applicable limitations period. He contends, however, that he is entitled to equitable tolling of the statute of limitations due to his confinement within the Segregation Unit within his prison.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The period of direct review also includes the 90-day period within which a petitioner can file a petition for writ of

3 - OPINION AND ORDER

certiorari with the United States Supreme Court, whether or not he actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, as alleged in the Petition, the criminal judgment issued on April 5, 2006. Petition [2], p. 1; Respondent's Exhibit 101. Under Oregon law, petitioner had 30 days in which to take a direct appeal. ORS 19.255(1). As petitioner did not take a direct appeal, AEDPA's statute of limitations began to run on May 5, 2006 when his time for appealing expired,[1] and it continued to run unabated until petitioner signed his PCR action on March 6, 2007. *See Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000) (date of filing for *pro se* inmate is the date he signs his papers and hands them to prison authorities for mailing).

According to the court's calculation, 305 untolled days elapsed between the conclusion of petitioner's direct appeal and the filing of his PCR action. AEDPA's statute of limitations once again resumed when the PCR appellate judgment was issued on March

---

[1] The period of direct review in this case does not include the 90 days in which to file a petition for writ of certiorari where petitioner did not take a direct appeal in Oregon's state courts. *See* 28 U.S.C. § 1257 (limiting U.S. Supreme Court review to final judgments and decrees from the highest court of a state).

4 - OPINION AND ORDER

25, 2010, and petitioner had until May 24, 2010 in which to file his Petition for Writ of Habeas Corpus. Petitioner did not, however, sign and mail the Petition until July 27, 2010. Petition [2], p. 15. As a result, he breached AEDPA's one-year statute of limitations by 64 days, allowing a total of 429 untolled days to accrue prior to filing this action.

Petitioner asks the court to equitably toll the statute of limitations due to his placement in his prison's Segregation Unit which, he claims, made it impossible for him to timely file his Petition. Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

According to petitioner, he was placed in the Segregation Unit at his prison from May 5, 2010 until September 15, 2010. He claims that the restraints attendant to such incarceration made it

5 - OPINION AND ORDER

impossible for him to timely file this case. While petitioner declares that he was housed in the Segregation Unit from May 5, 2010 until September 15, 2010, the Oregon Department of Corrections housing history database shows that he was not actually placed in the Segregation Unit until June 5, 2010, twelve days after AEDPA's statute of limitations had expired. Respondent's Exhibit 143.

Because petitioner was not placed in the Segregation Unit until *after* AEDPA's statute of limitations had already run, he cannot show that such placement made it impossible for him to timely file this case. Accordingly, petitioner is not entitled to equitable tolling. His Petition is therefore subject to dismissal on the basis that it is untimely.

## CONCLUSION

The Petition for Writ of Habeas Corpus [2] is DISMISSED on the basis that it is untimely. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 7 day of June, 2011.

Owen M. Panner
United States District Judge

6 - OPINION AND ORDER